The Law Office of
## James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

September 8, 2010

Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: United States v. Martin Terran
      Cr. Docket No. 10-59 (NGG)

Dear Judge Garaufis:

  I am appointed counsel under the CJA to the defendant in the above-referenced matter. This letter is submitted to request that Mr. Terran's presence at the next status conference, on September 24, 2010, be waived.

  On May 14, 2010, Mr. Terran was released on a $150,000 bond. Mr. Terran flew home to Tucson later that day on a ticket that was provided to him by the United States Marshals Service pursuant to 18 U.S.C. §4285 and an order of this Court. Weeks later, Mr. Terran, who had been out of work for six months or so, obtained a job as a superintendent. Approximately two weeks later, on June 23, 2010, Mr. Terran appeared in Court for a status conference. His transportation by air to and from that conference was also paid for and arranged by the United States Marshal's Service pursuant to Court order.

  Mr. Terran's presence at the status conference on August 25, 2010, was waived based on my unopposed application, which noted that I had been in regular contact with Mr. Terran and as such I was prepared for the status conference and was of the view that Mr. Terran's presence was unnecessary. I also noted in the application that while Mr. Terran is now employed, he still cannot afford air fare from Tucson to New York and as a new hire, missing days of work jeopardizes his continued employment.

Hon. Nicholas G. Garaufis
United States District Judge
September 8, 2010
Page 2

At the status conference on August 25, through some mix-up, none of the "in" defendants were produced and, therefore, no defendants appeared. The matter was put over for one month, until September 25, 2010, so that, as best I can recall, Steven Jones, recently arrested, could review discovery and newly retained counsel for defendant Gastellum could "catch up." The matter was not adjourned for any reason specific to Mr. Terran.

As such, I am in the same position I was before the August 25 status conference. I am prepared to advise the court as to the status of the case and the next step. Further, I do not believe Mr. Terran's presence is in any way necessary.

I have discussed this request with AUSA Solomon and he consents to it.

For the foregoing reasons, I request that Mr. Terran's presence be waived at the upcoming September 24 status conference.

Respectfully submitted,

James M. Branden

Application granted.
So ordered.

s/Nicholas G. Garaufis
9/17/10